O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>GARY L. ROGERS,<br><br>Defendant/Movant. | Case Nos. **EDCV 14-02292-VAP**<br>EDCR 12-00057-VAP<br><br>**ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255**<br><br>**[Motion filed on November 6, 2014]** |

**I. SUMMARY OF PROCEEDINGS**

On November 6, 2014, Gary L. Rogers ("Movant") filed a "Motion" which the Court construes as a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct A Sentence by a Person in Federal Custody. ("Motion" or "Mot.") ([Crim.] Doc. No. 467; [Civ.] Doc. No. 1)[1].  On December 3, 2014, the United States filed an Opposition

---

[1] Some of the documents filed in connection with this Motion appear only on the docket in the underlying criminal case, CR 12-00057-VAP-3.  Citations to [Civ.] indicate documents on the docket for this Motion.  Citations to [Crim.] indicate documents on the docket for the underlying criminal case.

("Opp'n") to the Motion.  ([Crim.] Doc. No. 471.)  Movant filed a Reply to the Government's Opposition on February 5, 2015.  ([Crim.] Doc. No. 474; [Civ.] Doc. No. 12.)

## II. BACKGROUND

On December 4, 2013, Movant pled guilty to Count One of the First Superseding Indictment, conspiracy to commit sex trafficking, in violation of 18 U.S.C. § 1594(c).  (Minutes of Change of Plea Hearing ([Crim.] Doc. No. 339) at 1; Plea Agreement ([Crim.] Doc. No. 248) at 1-2.)  Movant entered his guilty plea pursuant to a written plea agreement.  (See Plea Agreement.)

On April 11, 2014, the Court sentenced Movant to a 204 month term of imprisonment, along with a 5 year period of supervised release.  (J. & Commitment Order ([Crim.] Doc. No. 424).)  On April 24, 2014, Movant filed a letter with the Court, in violation of Local Rule 83.2-11.  ([Crim.] Doc. No. 432.)  That letter was not filed, but was instead rejected for violating the Local Rules.  In the letter, Movant expresses his displeasure with his sentence and requests permission to file motions pursuant to Federal Rules of Criminal Procedure 29, 33, and 35(a).  Despite the fact that nowhere does the letter mention an

appeal, according to Movant, this letter was a "direct appeal."  (Reply at 2.)[2]

After his letter had been rejected for filing, on June 26, 2014, Movant mailed a handwritten letter with attachments to Government counsel, who in turn lodged those documents with the Court.  ([Crim.] Doc. No. 445.)  Along with the handwritten letter was a document titled "Notice of Appeal."  ([Crim.] Doc. No. 445-1.)  As far as the Court can discern, no direct appeal was ever properly filed with the Clerk and no direct appeal was considered by the Ninth Circuit.

On November 6, 2014, Movant filed the instant Motion.  Construing the Motion liberally, it asserts three claims for relief under § 2255:

(1) Movant's counsel was ineffective because he failed to submit evidence that Movant suffered from multiple mental disabilities at the time he committed the crime;

(2) Movant did not have access to a law library before he signed the Plea Agreement;

---

[2] The pages of the Reply are not numbered.  The Court refers to the pages of the Reply sequentially in the order they appear in the ECF system.

      (3) Movant was convinced to sign the Plea Agreement based on counsel's representation that he would receive a sentence lower than 204 months.

(Mot. at 6, 9-10, 13.)

### III. LEGAL STANDARD

Section 2255 authorizes the Court to "vacate, set aside or correct" a sentence of a federal prisoner that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Claims for relief under § 2255 must be based on some constitutional error, jurisdictional defect, or an error resulting in a "complete miscarriage of justice" or in a proceeding "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 783-84 (1979). If the record clearly indicates that a movant does not have a claim or that he has asserted "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing. United States v. Quan, 789 F.2d 711, 715 (9th Cir. 1986); see also United States v. Chacon-Palomares, 208 F.3d 1157, 1159 (9th Cir. 2000) ("When a prisoner files a § 2255 motion, the district court must grant an evidentiary hearing '[u]nless the motion and the files and records of the

case conclusively show that the prisoner is entitled to no relief.'" (quoting 28 U.S.C. § 2255)).

## IV. DISCUSSION

### A. Movant's Claims of Ineffective Assistance of Counsel Are Without Merit

Movant claims his counsel was ineffective for: (1) failing to submit evidence that Movant suffered from mental disabilities at the time he committed the crimes that formed the factual basis for his conviction and (2) convincing Movant to sign the Plea Agreement based on the representation that he would receive a sentence lower than 204 months. Though the Plea Agreement contains a broad waiver of appeal, claims related to ineffective assistance of counsel cannot be waived. See United States v. Pruitt, 32 F.3d 431, 432-33 ("We doubt that a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain."); Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (finding that waivers cannot bar ineffective assistance of counsel claims associated with the negotiation of plea agreements).[3]

---

[3] To the extent Movant did not raise these claims on direct appeal, if his claims of ineffective assistance of counsel had merit, those claims would not be procedurally barred. Massaro v. United States, 538 U.S. (continued...)

5

To establish ineffective assistance of counsel, a defendant must prove: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). The "likelihood of a different result must be substantial, not just conceivable." Harrington v. Richter, 562 U.S. 86, 112 (2011).

### 1. Counsel's Submission of Evidence Concerning Movant's Mental Disabilities

Movant first argues that his counsel was ineffective because he failed to present evidence that "at the time of the crime, [Movant] was diagnosed with multiple mental [disabilities]," which was confirmed by various mental health reports and by the fact that Movant received social security income. (Mot. at 6.)

The record belies this contention, however. At the sentencing hearing on April 11, 2014, the Court discussed Movant's history and characteristics, noting that he

---

[3](...continued)
500, 504 (2003) ("failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255."); Murray v. Carrier, 477 U.S. 478, 492 (1986) ("Attorney error short of ineffective assistance of counsel does not constitute cause for a procedural default . . . .").

suffered from depression and that he had previously been diagnosed with bipolar disorder and schizophrenia.  The Court confirmed with defense counsel that there was no reason to believe that Movant was incompetent to proceed, however.

After taking into consideration the seriousness of the offense, the need for deterrence, and Movant's history of mental health issues, the Court sentenced him to 204 months incarceration.  In so doing, the Court specifically referenced Movant's history of depression as a mitigating factor in determining that the given sentence was appropriate.

Moreover, Movant's counsel also referenced his history of depression, schizophrenia, and bipolar disorder in arguing for a reduced sentence.  Movant himself discussed his diagnosis of bipolar disorder and schizophrenia in his allocution.

Thus, upon review of the record, it is clear that Movant's mental health history known to the Court at the time of sentencing, and that the Court considered his mental health history in determining the appropriate sentence.  As Movant's counsel was aware of Movant's mental health history and relied upon that history in arguing for a reduced sentence, Movant's first ground for

relief has no basis and is belied by the record.  Put another way, Movant's counsel could not have been ineffective for doing something Movant faults him for failing to do.  Accordingly, the Court DENIES the Motion on this ground.

### 2. Counsel's Alleged Representation that Movant Would Receive a Sentence Lower than 204 Months

The Plea Agreement signed by Movant contained an appeal waiver stating that, "provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 240 months, [Movant] gives up the right to appeal," inter alia, the calculation of his sentence and the term of imprisonment imposed by the court.  (Plea Agreement ¶ 18.)

Movant now contends his counsel told him that he would not "get 204 months for this [conviction]" because his "factual basis [was] barely even federal . . . ." (Mot. at 13.)  Thus, Movant is arguing that he was induced to enter into the plea agreement based on his counsel's representation that he would receive a sentence below 204 months.  In his Reply, Movant asserts that, had he known everything "[defense counsel] told me was [false], I would have went to [trial]."  (Reply at 4.)

There is reason to doubt Movant's claim that his attorney told him that he specifically would not receive a 204 month sentence.  As noted by the Government, a term of imprisonment of 204 months was not requested by either party or recommended by the United States Probation Office.  (Opp'n at 17.)  It therefore seems unlikely that defense counsel, despite requesting a sentence of 120 months, was prescient enough to divine the Court's intended sentence prior to the sentencing hearing and also opine to Movant that he would receive a sentence lower than that term.

The Court finds Movant's statements at the change of plea hearing more credible than the conclusory allegations asserted in the Motion.  During the change of plea hearing, the Court asked Movant if "[a]nybody made any promises to you about your case or told you anything about it or guaranteed you anything about it other than what's in the plea agreement?"  Movant responded in the negative.  Similarly, the Court asked defense counsel "other than what's contained in the written plea agreement have there been any other promises[,] representations[,] or guarantees made to either you or your client," to which he also responded in the negative.

Later in the plea colloquy, the Court asked Government counsel to state the longest possible sentence

the law allowed if Movant should choose to go to trial; Government counsel stated the longest possible sentence was life imprisonment.  Thereafter the Court told Movant that "if your sentence is longer than what you hoped for or expected, you'll still be bound by your guilty plea and you won't have the right to withdraw it because it's not the sentence you hoped for."  Movant responded that he understood.

The Court also asked Movant if, aside from general discussions with his counsel about the sentencing guidelines, if "anyone had promised [him] a certain sentence if [he] pled guilty" or if "anyone told [him] exactly what [his] sentence would be," to which he responded in the negative.  Movant also affirmed that he understood everything that had been discussed during the hearing, that he understood the consequences of pleading guilty, that he was competent and able to make the decision to plead guilty, that his decision to plead guilty was entirely voluntary on his part.

To the extent the Movant argues that counsel promised him a sentence of 204 months, the Court finds those allegations have little weight in light of his statements at the change of plea hearing.  See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("[S]olemn declarations in open court carry a strong presumption of verity.").  A

district court may deny a § 2255 motion if the petitioner asserts "no more than conclusory allegations, unsupported by facts and refuted by the record."  See <u>United States v. Chacon-Palomares</u>, 208 F.3d 1157, 1159 (9th Cir. 2000)(quoting 28 U.S.C. § 2255).

Moreover, even assuming that Movant's allegations concerning his counsel's representations were true, Movant has failed to show he was prejudiced.  When assessing "the petitioner's claim that ineffective assistance led to the improvident acceptance of a guilty plea, the Court [has] required the petitioner to show 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial.'" <u>Lafler v. Cooper</u>, 132 S. Ct. 1376, 1384-85 (2012). Movant has made no such showing here.

Simply put, Movant signed a plea agreement in which he agreed that he would waive his right to appeal if he received a sentence of up to 240 months; he was also told that his plea would be valid and binding even if the sentence he received was not what he had hoped for or expected.  He cannot now complain about the length of his sentence, which was lower than highest sentence he could have received under the Plea Agreement.

Thus, the Court finds that defense counsel was not ineffective with respect to Movant's acceptance of the Plea Agreement and his subsequent guilty plea, and that Movant has suffered no prejudice. Accordingly, the Court DENIES the Motion inasmuch as it claims Movant's counsel was ineffective.

**B.   Movant's Remaining Claim Regarding His Ability to Have Access to a Law Library Fails**

Finally, Movant attempts to excuse his procedural default by claiming that he had no access to a law library until one and one half years after he signed the Plea Agreement. (Mot. at 9.) Movant further explains that the facility in which he was housed had no law library.

This claim also fails. As noted by the Government, there is no "abstract, freestanding right to a law library or legal assistance, [and] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Lewis v. Casey, 518 U.S. 343, 351 (1996). Rather, "the inmate . . . must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id.

Moreover, as the Government points out, Movant was housed at the Metropolitan Detention Center in Los Angeles from December 31, 2013 through June 4, 2014; that facility has a law library.  (See Opp'n Exs. A-B.)  Movant's sentencing took place on April 11, 2014; he thus had ample time to use the law library for any legal research into the legality of his counsel's conduct, his plea, or his sentencing prior to his transfer to another facility on June 3, 2014.  Accordingly, Movant's alleged denial of access to a library does not excuse his procedural default and thus the Court DENIES the Motion as to this ground.

## V. CONCLUSION

As all of Movant's claims are procedurally defaulted, and because those claims also fail on the merits, the Court DENIES the Motion.  To the extent Movant has requested a certificate of appealability, that request is also DENIED.

Dated: April 2, 2015

VIRGINIA A. PHILLIPS
United States District Judge